FILED

2020 Sep-14  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

A. M. SAMARA,              )
     **Plaintiff,**          )
                         )
**v.**                    )
                         )     **Case No. 4:19-CV-575-CLM**
**THOMAS KEITH TAYLOR,**     )
     **Defendant.**        )
                         )

## MEMORANDUM OPINION

Plaintiff A. M. Samara asks the court to reform a 2006 mortgage to include property he describes as "Parcel A." Doc. 1 at 1-2. Samara sues Defendant Thomas Keith Taylor because he owns Parcel A.

Samara has moved for summary judgment (doc. 16), and Taylor has moved for judgment on the pleadings (doc. 17). The court has considered the filings and the law and finds that Taylor's motion is due to be **GRANTED** and Samara's motion is due to be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This is the latest chapter in the legal saga featuring Samara and Taylor's deceased father-in-law, Roy Davis. In 1996, Samara and Davis agreed to bind themselves and their respective companies, Samara Consultant Group and S & Davis International, Inc., to do business in the Republic of Yemen and split the profits

50/50.[1] In line with the joint venture, S & Davis contracted with the Republic of Yemen for the delivery of grain. The Republic of Yemen defaulted on the contract.

In 1998, the Grain and Free Trade Association arbitrated the resulting breach of contract dispute and rendered a $17,310,000 arbitration award in favor of S & Davis. Three years later, S & Davis settled its claims against the Republic of Yemen for $16,325,000. S & Davis forwarded $1,000,000 of the settlement to Samara.

Samara sued Davis, S & Davis, and various other parties to recover a larger share of the $16 million settlement. In 2004, Samara received a $1,075,851.37 jury award against Davis and his companies, and this court imposed a constructive trust in that amount against Davis's assets.

To satisfy this judgment, Davis agreed to mortgage certain property jointly held by Davis and his wife. On March 1, 2006, the court entered an order jointly proposed by the parties that: (1) stated the court would dissolve the constructive trust and dismiss all pending motions as moot once Davis filed the mortgage; (2) included appraisals showing the mortgaged property was worth at least $1,500,000; and, (3) provided evidence that Davis and his wife held title to the mortgaged property individually as joint tenants. Davis then filed the mortgage, appraisal, and title

---

[1] Eleven years ago, Judge Proctor performed the "excruciatingly laborious task" of summarizing the procedural history of the litigation underlying the case. *See Samara Consultant GR, et al. v. S & Davis Int, Inc, et al.*; 4:02-cv-00707 (Doc. 435, pp. 1-26). The court needn't duplicate his effort.

verification. So, on April 10, 2006, the court entered an order dissolving the constructive trust and dismissing pending motions as moot.

Samara contends that Parcel A was fraudulently omitted from the mortgage filed with the court in 2006. So Samara asks the court to reform the 2006 mortgage (which he mortgaged in 2012) to include Parcel A.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001); *see Bank of New York Mellon v. Estrada,* 2013 U.S. Dist. LEXIS 102069, (N.D. Ill. July 22, 2013) ("A Rule 12(c) motion for judgment on the pleadings is 'designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice'") (citations omitted).

The court analyzes Rule 12(c) motions for judgment on the pleadings like Rule 12(b)(6) motions to dismiss. *Griffin v. SunTrust Bank, Inc.,* 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015). So to survive a motion for judgment on the pleadings,

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In general, a district court should not look outside the complaint in a motion to dismiss or for judgment on the pleadings, but it may consider documents attached to a defendant's motion if those documents are "relationship-forming contracts [that] are central to a plaintiff's claim." *SFM Holdings, Ltd. v. Banc of Am.* Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); *Harris v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute.").

## <u>ANALYSIS</u>

Taylor is entitled to judgment on the pleadings for at least two reasons: (1) Samara's claims are time barred, and (2) Samara has not alleged or offered clear and convincing evidence of fraud or mistake, which Alabama Code § 35-4-153 requires to merit reformation.

1. <u>Samara's Claims Are Time Barred.</u>

Samara seeks the equitable remedy of reformation. Alabama applies a 10-year statute of limitations to reformation claims. *See* Ala. Code § 6-2-33 (Actions (1) founded upon any contract or writing under seal or (2) for the recovery of lands,

tenements or hereditaments, or the possession thereof must be commenced within 10 years); *see also Hall v. Hulsey*, 271 Ala. 576, 578, 126 So. 2d 217, 219 (1961) ("In a suit to set aside a fraudulent conveyance after the expiration of ten years from the time of the conveyance, the burden is upon the party asserting the fraud to allege and prove any special circumstances existing which would prevent the running of the statute of limitations.").

Samara's reformation claim accrued in 2006 when the mortgage was executed and delivered. Samara did not file this lawsuit until 2019. So Samara's claim is time-barred under Alabama Code § 6-2-33.

Samara cannot show that "special circumstances" prevent the statute from running against him. Samara filed a motion to reform the mortgage with this court in 2014, which the court denied. *See Samara v. S & Davis, Int'l, Inc.*, 4:02-cv-707 (Docs. 555, 556). That Samara filed a motion for reformation in 2014 shows that he could have sued for reformation before the 10-year statute lapsed.

Taylor is thus entitled to a judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

2. <u>Samara Has Not Offered Clear and Convincing Evidence of Fraud or Mistake as Required by Alabama Code § 35-4-153.</u>

Samara bases his reformation claim on Ala. Code § 35-4-153, which states:

> When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of

the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value.

Under Alabama law, "reformation of a deed or mortgage pursuant to § 35-4-153 is appropriate only when there is '[c]lear, convincing, and satisfactory' evidence indicating that the conveyance does not truly express the parties' intent." *See U.S. Bank Nat'l Ass'n v. Shepherd*, 202 So. 3d 302, 309 (Ala. 2015).

Samara alleges in his complaint that Davis fraudulently omitted Parcel A from the 2006 mortgage, but Samara does not allege with particularity any facts that would prove fraud, as required by Rule 9(b). Nor does Samara offer any evidence, much less clear and convincing evidence, to support his fraud allegation.

If anything, the pleadings suggest that Davis and Samara intended to *exclude* Parcel A from the mortgage. Samara—not Davis—filed the joint motion to enter an order that included only property "held by Roy Davis and Voncile Davis individually as joint tenants." *See Samara v. S & Davis, Int'l, Inc.*, 4:02-cv-707 (Doc. 299). Samara attached to that joint motion a mortgage that did not include Parcel A, likely because Davis's wife alone held it. So the record suggests that Samara knew that Parcel A was not in the mortgage and he knew (or should have known) why.

Because the omission of Parcel A from the mortgage can be explained by something other than fraud or mistake, Samara's reformation claim cannot entitle

him to relief. *See Fadalla v. Fadalla*, 929 So. 2d 429, 434–35 (Ala. 2005) ("The party seeking reformation must produce clear, convincing, and satisfactory evidence that the [instrument] does not express the true intentions of the parties at the time the instrument was created. In addition, the party seeking reformation must produce clear, convincing, and satisfactory evidence of what the parties actually intended the writing to express. If the proof is uncertain in any material respect, it will be held insufficient; and, while the courts may feel a great wrong has been done, they cannot grant relief by reason of uncertainty."). Because Samara has failed to raise a claim that entitles him to relief, Taylor is entitled to a judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

## CONCLUSION

Taylor is entitled to judgment on the pleadings because (1) Samara's claim is time-barred, and (2) Samara fails to plead or offer sufficient evidence of fraud or mistake. So this case must be **DISMISSED WITH PREJUDICE**. The court will enter a separate order doing so.

**DONE** and **ORDERED** on September 14, 2020.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE